**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION** | MDL No. 2775<br>Master Docket No. 1:17-md-2775<br><br>JUDGE CATHERINE C. BLAKE<br><br>THIS DOCUMENT RELATES TO THE FOLLOWING CASES:<br><br>*Paula and Jace Redick v. Smith & Nephew, Inc.*, No. 1:17-cv-00944<br><br>*Phyliss Mosca v. Smith & Nephew, Inc.*, No. 1:18-cv-03520 |

## MEMORANDUM

Now pending are a host of motions in limine filed by Ms. Paula Redick ("Ms. Redick") and Ms. Phyliss Mosca ("Ms. Mosca") (collectively, "the plaintiffs") and by Smith & Nephew ("S&N") in this multidistrict litigation. The motions are fully briefed and oral argument was heard on April 28, 2021. Though it will not be possible to rule on many of the motions until specific evidence is actually proffered in the context of trial, the court endeavors herein to set appropriate boundaries on the admissibility of the challenged evidence. In a previous memorandum (ECF 2827), the court addressed twelve of the motions in limine raised by the parties; this memorandum will address the remaining fifteen motions.

## LEGAL STANDARD

A motion in limine seeks to "exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Such motions are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (internal quotation marks omitted).

## ANALYSIS

### 1. Motion in Limine #2 – Inadequate FDA Submissions (ECF 2524)

S&N seeks to exclude evidence that information and reports it sent to the FDA both before and after the BHR received PMA approval were inadequate or incomplete. Such evidence is not admissible to support a dismissed or preempted claim, but may be admissible if it bears on what S&N knew at the time a representation was made to Ms. Redick's or Ms. Mosca's implanting physician. The court reserves ruling on this issue until specific evidence is proffered at trial.

### 2. Motion in Limine #3 – The Departure of Dr. Heeckt (ECF 2525)

S&N seeks to exclude evidence concerning the circumstances and terms of Dr. Peter Heeckt's departure from the company in 2012. Information concerning the position Dr. Heeckt took recommending disclosure of additional information to surgeons is relevant and admissible, and he will be testifying on that point. The circumstances of his departure and the financial compensation provided are, to some extent, relevant at least as to Dr. Heeckt's present bias. The court's previous finding that Dr. Heeckt's departure from S&N was not related to his views on the BHR was made in a different context (evaluating the credibility of counsel's representations) and does not foreclose all inquiry into this topic. Though the court defers a final ruling, evidence about Dr. Heeckt's car and home likely are not admissible under Rule 403, but other evidence about the circumstances of Dr. Heeckt's departure and severance compensation likely will be admitted.

### 3. Motion in Limine #7 – Unrelated Public Controversies (ECF 2529)

S&N seeks to exclude evidence about Dr. Derek McMinn, the BHR's inventor, related to reports in the U.K. press that he retained bone and tissue samples from surgeries he performed without his patients' permission. This evidence is irrelevant to the plaintiffs' surviving claims and unfairly prejudicial to S&N. The motion to exclude is granted.

**4. Motion in Limine #9 – Punitive Damages (ECF 2531)**

S&N seeks to exclude evidence relating to punitive damages. Specifically, it seeks to exclude evidence about alleged torts committed against non-parties; out-of-state, remote-in-time, or other conduct without an adequate nexus to the harm allegedly incurred by the plaintiffs; and S&N's net worth. A ruling on this issue is deferred pending consideration of S&N's motion to bifurcate trial on the issue of punitive damages (ECF 2596).

**5. Motion in Limine #10 – Moral and Ethical Duties (ECF 2532)**

S&N seeks to exclude evidence about its moral duties, business ethics, or other extra-legal duties or standards of conduct. It is not clear exactly what evidence would be covered by this broad request. Evidence about industry standards may be admissible in some contexts; a general statement about failure to abide by "moral" or "ethical" duties likely is not.[1] The court reserves ruling on this issue until specific evidence is proffered in the context of trial.

**6. Motion in Limine #12 – Smith & Nephew's Attendance or Form of Testimony (ECF 2534)**

S&N seeks to exclude evidence concerning the attendance or non-attendance of S&N employees at trial and the decision to offer the testimony of S&N employees through deposition transcripts. The court will consult with counsel about any appropriate instructions to the jury concerning a witness's appearance by deposition rather than in person. If plaintiffs' counsel believe they have a relevant and admissible reason to comment to the jury on which witnesses or corporate representatives, if any, do or do not attend the trial in person, they are directed to raise the issue first with the court. A final ruling on this motion therefore is deferred.

---

[1] As this court previously held, opinions offered by the plaintiffs' experts that assign to S&N extralegal obligations are preempted insofar as they add to or are different from federal requirements. (*See* ECF 2717, Redick and Mosca *Daubert* Memorandum at 9).

**7. Motion in Limine #13 – Promises to Give Damages to Charity (ECF 2535)**

S&N seeks to exclude testimony that the plaintiffs intend to donate any damages awarded to a charity. The plaintiffs do not contest this motion on the condition that S&N is held to the same standard by precluding them from presenting evidence that the company is a good corporate citizen or that the first priority of the company is something other than profit. At present, the court sees no basis to admit this evidence. If plaintiffs' counsel believe that some evidence or argument offered by S&N at trial establishes a relevant and admissible reason to present a plaintiff's charitable promises to the jury, they are directed to raise it first with the court. A final ruling on this motion therefore is deferred.

**8. Motion in Limine #14 – Smith & Nephew's Lawyers (ECF 2536)**

S&N seeks to exclude argument concerning the number of attorneys or law firms employed by Smith & Nephew and other argument about its attorneys. The plaintiffs do not oppose this motion, which is therefore granted.

**9. Motion in Limine #15 – The 2007 Deferred Prosecution Agreement (ECF 2537)**

S&N seeks to exclude evidence related to a deferred prosecution agreement that a S&N orthopedic unit entered into with the United States Attorney for the District of New Jersey on September 27, 2007. At present, the court sees no basis to admit the agreement. If the plaintiffs believe the door is opened to this evidence in some way at trial, they are directed to raise it with the court before disclosing it to the jury. A ruling on this issue is therefore deferred.

**10. Motion in Limine #16 – Surgeon Training Program (ECF 2539)**

S&N seeks to preclude evidence about the adequacy of its surgeon training program for the BHR system. Evidence of information provided to surgeons in connection with the training program may be admissible to the extent it supports or is relevant to the plaintiffs' misrepresentation claims, but not to support the preempted claim that the surgeon training program was inadequate. A ruling on this issue is therefore deferred.

**11. Motion in Limine #17 – Assertions of Attorney-Client Privilege (ECF 2540)**

S&N seeks to exclude evidence about assertions of the attorney-client and work-product privileges by S&N or its personnel. At present the court sees no basis to admit such evidence. If plaintiffs' counsel believe that evidence or argument to the jury concerning the defendant's assertion of an attorney-client or work-product protection becomes relevant and admissible during trial, they are directed to raise it with the court before presenting it to the jury. A ruling on this issue is deferred.

**12. Motion in Limine #18 – Settlement or Refusal to Settle (ECF 2541)**

S&N seeks to exclude evidence relating to settlements or the refusal to settle BHR-related claims. It is likely that any such evidence, particularly as it relates to other BHR claims, would be inadmissible under, at least, Rule 403. If plaintiffs' counsel believe that evidence or argument concerning such settlements or refusal to settle becomes relevant and admissible during trial, they are directed to raise it with the court before presenting it to the jury. A ruling on this issue is deferred.

**13. Motion in Limine #19 – Compensatory Damages Used to Punish (ECF 2543)**

S&N seeks to exclude argument that compensatory damages should be used to punish the defendant or that they should be used for any purpose other than reimbursement of actual losses.

The court accepts that plaintiffs' counsel is aware of the law as to the appropriate purposes of compensatory, as opposed to punitive, damages. The motion is denied as moot.

### 14. Motion in Limine #22 – The ii4sm Report (ECF 2551)

S&N seeks to exclude evidence of a report prepared for it on August 31, 2011, by the International Institute for the Safety of Medicines ("ii4sm"). The court requires further discussion with counsel prior to ruling on this motion. A ruling is therefore deferred.

### 15. Redick-Specific Motion in Limine #4 – Medical Testimony Offered by Lay Witness (ECF 2555)

S&N seeks to exclude testimony by lay witnesses concerning facts beyond their personal knowledge, including medical opinions about whether the BHR device caused or contributed to Ms. Redick's medical conditions. In general, a lay witness cannot testify to medical causation; rather, proof of causation requires opinion testimony from an expert qualified to give such testimony under Rule 702. A plaintiff such as Ms. Redick, however, like her family members, can testify to her personal observations and experiences, which may include pain, emotional distress, limitations on physical activities, and related topics. An objection may be made, or a limiting instruction requested, if defense counsel believes a witness's answer constitutes an inadmissible causation opinion, but it is not possible to set more specific boundaries in advance of the testimony. A ruling on this issue is deferred.

### CONCLUSION

In sum, for the reasons stated herein, the court grants motions in limine numbers 7 (ECF 2529) and 14 (ECF 2536); denies as moot motion in limine number 19 (ECF 2543); and reserves ruling on the remaining pending motions in limine.

___6/29/21_____                                    _____/s/_____
Date                                                                    Catherine C. Blake
                                                                            United States District Judge